UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>)  CASE NO. 2:05-CV-73719<br>) |
| Plaintiff, | )  HONORABLE PAUL D. BORMAN |
| v. | )<br>) |
| MICHIGAN SEAMLESS TUBE, | )<br>) |
| Defendant. | ) |

## **CONSENT DECREE**

This action was commenced by the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), under the authority granted to it under Section 706(f)(1) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1). The Commission's action was brought to correct alleged unlawful employment practices on the basis of race. The Commission alleged in its Complaint that Defendant Michigan Seamless Tube ("MST") failed to hire the Charging Parties and others similarly situated because of their race, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C., *et seq.* The "Charging Parties" are Roderic Boone, Anita Claxton, Robert Shaw, Johnny Farmer, Aaron Laird, Nicklas Maddox, and Doraretha McKee.

As a result of settlement discussions, the Commission and MST have resolved their differences and have agreed that this action should be settled by entry of this Consent Decree. It is the intent of the parties that this Consent Decree be a final and binding settlement in full disposition of any and all claims alleged or which could have

1

been alleged in the complaint against MST or in the Charges of Discrimination filed by the Charging Parties.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that:  (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of this Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in the paragraphs below.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

1. MST agrees that it will comply with Title VII and provide equal employment opportunities to individuals of all races.
2. MST agrees that it will there will be no discrimination or retaliation of any kind against any person because of opposition to any practice made unlawful under Title VII, because of the filing of a Charge, the giving of testimony, assistance, or participation in any manner in an investigation, proceeding or hearing under Title VII.
3. MST agrees to actively advertise and recruit African American individuals for employment by, during the term of the Consent Decree, placing advertisements soliciting applications for employment in publications of interest to African Americans, such as the Michigan Chronicle, and in the career placement offices and/or websites of Detroit area trade schools, such as Focus Hope and Wayne County Community College. This list is not exhaustive, and Michigan Seamless will pursue a variety of recruiting sources.

4.  MST agrees to pay monetary relief in the sum total of $500,000.00 to the Charging Parties and similarly situated individuals identified by the Commission in accordance with the terms of this Consent Decree. The total settlement fund of $500,000.00 shall be distributed to the Charging Parties, similarly situated individuals identified by the Commission, or their heirs, assigns in the event of death, on whose behalf the Commission sought relief in its Complaint. More specifically, these individuals include and have been categorized as follows: **Group A** includes the Charging Parties, as well as Khari Hairston and Kenyetta Hunter, all of whom applied for employment with Defendant during the initial start-up period and had been employed with the predecessor company; **Group B** includes similarly situated African American applicants identified by the Commission who applied for employment with Defendant and were not employed with the predecessor company (Group A and B hereinafter collectively referred to as "Class Members").

5.  The Commission shall have thirty (30) days from the date of approval of this Consent Decree to report to the Court on the proposed distribution of settlement funds, procedures for Class Member notification and a fairness hearing. The Commission will then proceed as follows:

    a.  Within thirty (30) days of the issuance of a Court Order approving or modifying the Commission's proposal, the Commission with notify each Class Member of the proposed distribution of settlement funds, the requirement of signing a release to receive an award from the settlement fund, the requirement of keeping the Commission informed of any address

changes, and procedures for objecting to the proposed distribution. If no objections are filed with the Court, the Court will issue an Order approving the distribution of the settlement fund to Class Members ("Final Order on Distribution"). If objections are filed, the Court will hold a fairness hearing before issuing the Final Order on Distribution.

6. In order to receive the settlement payment, each Class Member shall execute a release in the form attached and made a part hereof as Appendix A. The Commission shall have sixty (60) days from the Final Order on Distribution to obtain executed releases from the Class Members. Any Class Member who fails to timely return an executed release in the form set forth in Appendix A shall waive any claim to relief under the Decree and shall be barred from pursuing any claim raised or which could have been raised in the Commission's Complaint. If the Commission is unable to obtain an executed release from a Class Member in the time period specified, the Class Member's share of the settlement fund shall be distributed pursuant to the provision of paragraph 7. Within seventy-five (75) days of the Final Order on Distribution, the Commission shall forward the original executed releases to MST and shall notify MST of the names and addresses of the Class Members who are to receive settlement payments and the amount each is to receive. Within fourteen (14) days of receipt of these documents/information, MST shall make payment by issuing checks in the specified amounts made payable to each identified Class Member and sent by certified mail to such Class Member's address as provided by the Commission. MST shall mail a copy of each check to the Commission within ten (10) days of

4

mailing and shall mail copies of the signed return receipts to the Commission within thirty (30) days of mailing. The Commission shall notify MST of any change of address received from a Class Member so that its payment records may be adjusted accordingly. In the event that a check is returned to MST as undeliverable, MST will notify the Commission in writing within ten (10) days of receipt of the returned check. The Commission will then attempt to locate the Class Member. In the event that a Class Member fails to notify the Commission of a change of address and cannot be located by the Commission through reasonable means within thirty (30) days, he/she shall forfeit any further payment out of the settlement fund which he/she would have received and his/her remaining share of the settlement fund shall be apportioned as described in paragraph 7. The entire settlement fund of $500,000.00 shall be distributed to the Class Members and no portion shall revert to MST.

7. If the Commission is unable to obtain an executed release from a Class Member or is unable to locate a Class Member in the time period specified, the Class Member's share of the settlement fund shall be divided equally among the other Class Members who have returned executed releases and shall include such amounts in the total payment figures for each Class Member provided to MST pursuant to paragraph 6. The Commission and MST will take the actions provided for without further action by the Court.

8. MST agrees to train all of its employees, including executive officers, managers, supervisors and human resource personnel involved in the hiring process, on the requirements of Title VII. The training shall have specific emphasis on race

discrimination and shall be provided to the above designated employees within six (6) months of entry of this Decree. For any new employees hired in the above described positions after the initial training has been conducted, MST agrees to train those employees at the time of hiring and orientation. MST will report to the EEOC its efforts to train employees under this decree. MST will provide lists to the EEOC indicating the dates of training and names of persons trained.

9. MST agrees that it shall post a copy of the Notice attached as Appendix B. The notice shall be posted for three (3) years from the date the Consent Decree is entered by the Court. Should the posted notice become defaced, marred or otherwise made unreadable, MST agrees to post a readable copy of the notice as soon as practical thereafter.

10. This Consent Decree shall remain in effect for three (3) years from the date it is entered, and the Court shall retain jurisdiction of this action during the duration of this Decree to enforce compliance with the Decree.

11. When any provision of this Decree requires Defendant to submit reports to the EEOC, the reports shall be submitted to: Laurie Young, Regional Attorney, EEOC, Indianapolis District Office, 101 W. Ohio, Suite 1900, Indianapolis, IN 46204. The reporting obligations under this paragraph shall cease after the Defendant submits the report due on or about the third year anniversary of the entry of this decree.

12. The Court shall have all available equitable powers, including injunctive relief, to enforce this Decree. Upon motion of any party, the Court may schedule a hearing for the purpose of reviewing any party's compliance with this Decree and/or

ordering appropriate relief to determine whether the parties have complied with the terms of this Decree. Prior to seeking review by the Court, the parties shall engage in a good faith effort to resolve any dispute concerning compliance with the Decree. Any party seeking court review of a matter shall be required to give ten (10) days notice to the other party before moving for such review.

13. Each party shall bear its own court costs and attorney fees.

14. If any provision(s) of this Agreement is found to be unlawful, only the specific provision(s) in question shall be affected and the other provisions will remain in full force and effect.

15. The terms of this Decree shall be binding upon the present and future owners, officers, directors, employees, creditors, agents, trustees, administrators, successors, representatives, and assigns of MST.

16. MST denies the Commission's and the Class Members' allegations. This Consent Decree may not be interpreted as an admission of liability by MST.

17. This Agreement constitutes the entire agreement and commitments of the parties. Any modifications to this Decree must be mutually agreed upon and memorialized in a writing signed by MST and the Commission.

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | MICHIGAN SEAMLESS TUBE |
|---|---|
| | Jaffe, Raitt, Heuer & Weiss, P.C. |
| Laurie A. Young<br>Regional Attorney | |
| Deborah M. Barno (P44525) | /s/Melanie LaFave |
| Supervisory Trial Attorney | Melanie T. LaFave (P27777)<br>Nicole R. Foley (P63061) |

|  |  |
|---|---|
| | Attorneys for Defendant |
| /s/Trina R. Mengesha | 27777 Franklin Road, Suite 2500 |
| Trina R. Mengesha (P59458) | Southfield, MI 48034 |
| Trial Attorney | (248) 351-3000 |
| DETROIT FIELD OFFICE | |
| 477 Michigan, Room 865 | |
| Detroit, MI 48226 | , |
| (313) 226-4620 | |

**IT IS SO ORDERED:**

                                       s/Paul D. Borman
                                       PAUL D. BORMAN
                                       UNITED STATES DISTRICT JUDGE

Dated: June 5, 2007

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on June 5, 2007.

                                       s/Denise Goodine
                                       Case Manager

**APPENDIX A**

RELEASE

1. I, _____, for and in consideration of the sum of _____, to be paid to me by Michigan Seamless Tube ("MST"), do hereby for myself, my heirs, executors, administrators, assigns and agents release and forever discharge MST, its predecessors, successors, affiliates and assigns, from any and all claims both judicial and administrative that I had or may have had, arising out of or relating to the facts alleged in the complaint filed by the Equal Employment Opportunity Commission (the "Commission" or "EEOC") in the case entitled <u>Equal Employment Opportunity Commission v. Michigan Seamless Tube</u>, Civil Action No. 2:05-CV-73719, in the United States District Court for the Eastern District of Michigan, Southern Division.

2. I declare that I know and understand the contents of this Release, that I have executed this Release voluntarily and that this Release is part of the consideration given by me for settlement of my claim against MST. I understand that after signing this Release, I cannot proceed against any entity or person mentioned herein on account of any of the matters referred to in paragraph 1 above.

3. I understand and agree that this Release is given pursuant to the settlement embodied in the Consent Decree agreed to by the parties and to be entered by the Court.

SWORN and Subscribed to before me
this _____ day of _____, 2007

_____
NOTARY PUBLIC
_____ County, Michigan
My Commission Expires:

**APPENDIX B**

**NOTICE TO ALL EMPLOYEES**

This Notice is being posted as a result of a Consent Decree entered in a lawsuit brought by the EEOC against Michigan Seamless Tube and to inform you of your rights guaranteed by federal law under Title VII of the Civil Rights Act of 1964, 42 U.S. C. § 2000e et seq. ("Title VII"). Title VII prohibits discrimination against any employee on the basis of sex, race, color, religion, or national origin with regard to any term or condition of employment including hiring, layoff, recall, promotion, discharge, pay and fringe benefits or as a result of retaliation for the exercise of protected rights or opposition to unlawful employment practices.

The U.S. Equal Employment Opportunity Commission is the federal agency which investigates charges of unlawful employment discrimination and, if necessary, files lawsuits in federal court to enforce the anti-discrimination provisions of Title VII. Any employee who believes that he/she is the victim of discrimination or retaliation has the legal right to file a charge of discrimination with the U.S. Equal Employment Opportunity Commission.

MST supports and will comply with this federal law in all respects. MST will not take any action against any employees because they have exercised their rights under Title VII.

_____         _____
Dated                                                  MICHIGAN SEAMLESS TUBE

11